IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THOMAS GUARINO,**

    **Plaintiff**

                              CASE NO.

    v.

**TD SCREENS, INC., a Florida for
Profit Corporation,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff THOMAS GUARINO (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against TD SCREENS, INC. (hereinafter referred as "TD Screens" or "Defendant"), and in support of states as follows:

**NATURE OF CASE**

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); and interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if

permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was an employee of Defendant from approximately 2017 to May 12, 2022.

5. Plaintiff was employed by Defendant in Wildwood, Florida.

6. Defendant is a Florida for Profit Corporation which operates in the Wildwood, Florida.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

11. Plaintiff was an "employee" as defined by the ADAAA.

12. Defendant is an "employer" as defined by the ADAAA.

13. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

14. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## ADAAA STATUTORY PREREQUISITES

15. At all times material hereto, Plaintiff was diagnosed with amyotrophic lateral sclerosis or ALS in November 2021, a disabling medical condition under the ADAAA.

16. Plaintiff was discriminated against based on his disability.

17. Plaintiff is a member of a class of individuals protected by the ADAAA.

18. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

20. At all times material to the allegations herein, Plaintiff was qualified for his Shop Manager position with Defendant.

21. Plaintiff timely filed his Charge of Discrimination with the EEOC on September 8, 2022.

22. The EEOC issued a Dismissal and Notice of Rights on October 18, 2022.

23. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

24. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

25. Plaintiff began working for Defendant in 2017.

26. Plaintiff most recently held the position of shop manager.

27. At the end of his employment with Defendant, Plaintiff was earning $25.00/hour.

28. Plaintiff worked 55-60 hours per week.

29. Plaintiff began developing "drop foot" in the summer of 2020.

30. Despite this condition, his work productivity did not decrease, and he continued working in his normal capacity.

31. In November of 2021, Plaintiff was diagnosed with the terminal illness ALS.

32. He went through several days of treatment at the hospital shortly after Thanksgiving.

33. Plaintiff only missed only one day of work around that time.

34. As a result of his disability, Plaintiff began using a cane to assist with walking in January of 2022.

35. Nonetheless, Plaintiff was still able to perform all his job duties without issue.

36. On May 11, 2022, Plaintiff was confronted by his supervisor and co-owner of company, Matt (last name unknown), who asked if Plaintiff would meet with him at Matt's wife's office which was down the street.

37. Plaintiff presented to this meeting, and was asked by Matt, "so what are you going to do about work?"

38. Matt further went on to say to Plaintiff, "I noticed you are starting to slow down, you are becoming a liability to the shop."

39. Plaintiff confirmed that he was in fact able to continue working, as his job duties only required him to sit at a desk and perform managerial functions such as ordering parts and keeping track of business records.

40. Despite Plaintiff explaining that he was still fully able to work, with or without an accommodation, Matt told Plaintiff that on May 12, 2022, his employment with the company would terminate.

41. To this day, Plaintiff maintains that he would be fully able to perform his job functions.

42. Plaintiff had been an employee in good standing until the end of his employment.

43. Defendant refused to accommodate Plaintiff's medical needs.

44. At the time of his termination, Plaintiff was qualified for his position.

45. Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of his job, with or without accommodation.

46. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

47. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

48. At the time of his termination, Plaintiff was eligible for FMLA leave.

49. Plaintiff's notice for his need for FMLA leave for ALS was timely.

50. Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of his rights under the FMLA.

51. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

52. Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

53. Defendant's actions also constitute discrimination in violation of

Plaintiff's rights under FMLA.

54. Plaintiff was treated differently than similarly situated non-disabled employees.

55. Defendant discriminated against Plaintiff for taking necessary time off due to his disability.

56. Defendant terminated Plaintiff in retaliation for taking necessary time off due to his disability.

## COUNT I
## INTERFERENCE UNDER THE FMLA

57. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 13-14, 25-42, and 46-56 above as if fully set forth herein.

58. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

59. Defendant was Plaintiff's employer as defined by the FMLA.

60. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

61. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

62.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

63.     Defendant's violations of the FMLA were willful.

64.     Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

65.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 13-14, 25-42, and 46-56 above as if fully set forth herein.

66. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

67. Defendant was Plaintiff's employer as defined by the FMLA.

68. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

69. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

70. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

71. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

72. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

73. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

74. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

75. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

76. Defendant's violations of the FMLA were willful.

77. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering;

   e.   Injunctive relief;

   f.   Prejudgment interest;

   g.   Costs and attorney's fees; and

   h.   Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

78. Plaintiff re-alleges and adopts the allegations of paragraphs 1-6, 11-12, 15-46, and 54-56 above as if fully set forth herein.

79. Plaintiff suffers from a disabling medical condition pursuant to the

ADAAA.

80. Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

81. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

82. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

83. Plaintiff is protected by the ADAAA:

    a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

84. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

85. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

86. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

87. By reason of the foregoing, Defendant's actions, and non-actions,

affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

88. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

89. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

90. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

91. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

92. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADAAA.

93. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

94. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

95. The discrimination to which Plaintiff was subjected was based on

his disability and/or "perceived disability."

96. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

98. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE ADAAA

99. Plaintiff re-alleges and adopts the allegations of paragraphs 1-6, 11-12, 15-46, 54-56 above as if fully set forth herein.

100. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

101. Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

102. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

103. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

104. Defendant terminated Plaintiff because he took necessary time off while hospitalized due to his disability.

105. Defendant terminated Plaintiff in violation of the ADAAA.

106. Plaintiff is protected by the ADAAA:

  a. Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

14

b.  Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

107. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

108. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

109. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

110. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

111. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

112. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

113. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

114. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

115. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADAAA.

116. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

117. The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

118. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

119. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

120. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

    b.      Interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages for emotional pain and suffering;

    e.      Injunctive relief;

    f.      Prejudgment interest;

    g.      Costs and attorney's fees; and

    h.      Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __17th__ of January, 2023.

        Respectfully submitted,
        <u>s/ Edward W. Wimp</u>
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com
        Direct: 407-574-6339

        Anthony J. Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        631 S. Orlando Ave., Suite 300
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff